NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 12 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS HERNADO GUTIERREZ GUTIERREZ,<br><br>        Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>        Respondent. | No.    10-73046<br><br>Agency No. A037-124-952<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 7, 2018[**]
Pasadena, California

Before:  TALLMAN and NGUYEN, Circuit Judges, and BENNETT,[***] District Judge.

---

        [*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        [**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

        [***]        The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa, sitting by designation.

Luis Hernando Gutierrez Gutierrez petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from the Immigration Judge's ("IJ") decision denying his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252, and deny the petition.

Gutierrez contends that the BIA violated his right to due process because it "misread the [IJ]'s decision." "Constitutional due process challenges to immigration decisions are reviewed de novo." *Cinapian v. Holder*, 567 F.3d 1067, 1073 (9th Cir. 2009) (citations omitted).

Gutierrez has two prior convictions, one in 1990 and the other in 2008. In determining whether Gutierrez suffered an aggravated felony conviction, the IJ conducted a modified categorical analysis of the 1990 conviction. In upholding the IJ's decision, however, the BIA mistakenly referred to the 2008 conviction. This was clearly a typographical error because the IJ neither conducted a categorical analysis of the 2008 conviction nor considered whether that conviction was an aggravated felony. The typographical error did not violate Gutierrez's rights, and in any event, Gutierrez cannot demonstrate prejudice, because the record shows he is removable and ineligible for cancellation of removal. *See United States v. Barajas-Alvarado*, 655 F.3d 1077, 1088 (9th Cir. 2011) (Petitioner must show that

2

"the procedural errors he identifies deprived him of due process, and he suffered prejudice as a result.").

**PETITION DENIED.**